UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:21-cv-00064-FDW

| | |
|---|---|
| COREY MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security[1], ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 11), filed September 30, 2021, and Acting Commissioner of Social Security Kilolo Kijakazi's (the "**Commissioner**") Motion for Summary Judgment, (Doc. No. 19), filed December 21, 2021.[2] Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on his application for Supplemental Social Security Income ("**SSI**") and Disability Insurance Benefits ("**DIB**"). The motions have been fully briefed and, for the reasons set forth herein, Plaintiff's Motion for Summary Judgment is GRANTED, the Commissioner's Motion for Summary Judgment is DENIED, the Commissioner's decision is VACATED, and this case is REMANDED for further proceedings consistent with this Order.

**I. BACKGROUND**

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul, as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The Court acknowledges Defendant filed a Motion for Summary Judgement that was in excess of the page allowance in accordance with local rules. On December 14, 2021, the Court denied the motion, such that (Doc. No. 18) is denied as moot.

1

On July 2, 2019, Plaintiff filed an application for Title II benefits with an alleged onset date of June 16, 2018. (Doc. No. 8-1, pp. 179-183). Plaintiff's application was denied initially on September 13, 2019, and was denied again upon reconsideration on January 22, 2020. (Doc. No. 8-1, pp. 993, 117-18). Plaintiff subsequently requested a hearing, (Doc. No. 8-1, pp. 124-26), and after the telephone hearing on August 26, 2020, the Administrative Law Judge ("**ALJ**") issued an unfavorable decision, (Doc. No. 8-1, pp. 23-43). Plaintiff's subsequent request for review by the Appeals Council was denied. (Doc. No. 8-1, pp. 5-7).

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since his alleged onset date and met the insured status requirements through December 31, 2020. (Doc. No. 8-1, p. 32). At step two, the ALJ found Plaintiff to have the following severe impairments: generalized arthralgia, history of myoclonic seizures, migraines, peripheral neuropathy, Charcot Marie Tooth disease, depressive disorder, and anxiety disorder. Id. At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, App. 1. Id. Finally, at steps four and five, the ALJ found, although Plaintiff lacked the residual functional capacity ("**RFC**") to perform past relevant work as a surveyor, Plaintiff had the RFC to sedentary work as defined in 20 C.F.R. §§ 404.1567(a), except that:

> Claimant can never climb ladders, ropes or scaffolds; the claimant can only occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl; the claimant can push/pull occasionally with the bilateral lower extremities; the claimant can occasionally reach overhead with the right upper extremity; the claimant can frequently handle and finger with the right upper extremity; the claimant can have no more than occasional exposure to excessive cold, heat, moisture/humidity, and vibration; the claimant can have an environment with no more than a moderate noise level; the claimant can have no exposure to hazards, such as unprotected heights and moving machinery; the claimant must have a cane for ambulation; and the claimant can perform simple, routine tasks with a reasoning level of 2 or less, performed in two-hour blocks of time.

2

Case 1:21-cv-00064-FDW   Document 27   Filed 08/29/22   Page 2 of 8

(Doc. No. 8-1, p. 31). In response to a hypothetical that factored in Plaintiff's age, education, work experience, and RFC, the vocational expert ("**VE**") testified Plaintiff could not perform his past relevant work as a surveyor, but could perform other jobs—including inspector or clerical worker—that exist in significant numbers in the national economy. (Doc. No. 8-1, pp. 37-38). As a result, the ALJ concluded Plaintiff was not disabled as defined in 20 C.F.R. §§ 404.1520(g) from July 2, 2019, through the date of the ALJ's decision. (Doc. No. 8-1, p. 19-39). Plaintiff has now exhausted all administrative remedies and appeals pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

Section 405(g) of Title 42 of the United States Code provides for judicial review of the Social Security Commissioner's denial of social security benefits. When examining a disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence. 42 U.S.C. § 405(g); Westmoreland Coal Co., Inc. v. Cochran, 718 F.3d 319, 322 (4th Cir. 2013); Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012). A reviewing court may not re-weigh conflicting evidence or make credibility determinations because "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the ALJ if his decision is supported by substantial evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 2013).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (alteration and internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015) (internal quotation marks omitted). Courts do not reweigh evidence or make credibility

3

determinations in evaluating whether a decision is supported by substantial evidence; "[w]here conflicting evidence allows reasonable minds to differ," courts defer to the ALJ's decision. Johnson, 434 F.3d at 653.

"In order to establish entitlement to benefits, a claimant must provide evidence of a medically determinable impairment that precludes returning to past relevant work and adjustment to other work." Flesher v. Berryhill, 697 F. App'x 212 (4th Cir. 2017) (citing 20 C.F.R. §§ 404.1508, 404.1520(g)). In evaluating a disability claim, the Commissioner uses a five-step process. 20 C.F.R. § 404.1520. Pursuant to this five-step process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, could perform any other work in the national economy. Id.; see also Lewis v. Berryhill, 858 F.3d 858, 861 (4th Cir. 2017) (citing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See Lewis, 858 F.3d at 861; Monroe v. Colvin, 826 F.3d 176, 179–80 (4th Cir. 2016).

> "At step five, the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." [Mascio, 780 F.3d at 635 (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429)]. "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations."

Lewis, 858 F.3d at 862. If the Commissioner meets this burden in step five, the claimant is deemed not disabled and the benefits application is denied. Id.

### III. ANALYSIS

4

In his motion, Plaintiff asserts four assignments of error. (See Doc. No. 11). First, Plaintiff argues the ALJ failed to provide "persuasive, specific, valid reasons" to discount Plaintiff's Veteran's Association ("**VA**") disability rating of 90%. Second, Plaintiff contends the ALJ lacked substantial evidence to find Plaintiff had the RFC to perform sedentary work. Third, Plaintiff claims the ALJ failed to meet her burden of proving evidence of jobs he can perform in the national economy. Finally, Plaintiff asserts the government deprived him of a valid administrative adjudicatory process. Because the ALJ did not adequately justify her decision to accord the VA decision less than substantial weight, the Court finds remand appropriate.

In DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983), the Fourth Circuit held that an ALJ must consider as evidence the disability determination of another governmental agency. Therefore, an ALJ's decision that ignores such a determination fails to provide the requisite findings to allow judicial review. Id. Subsequently, in Bird v. Commissioner, 699 F.3d 337, 343 (4th Cir. 2012), the Fourth Circuit held that the Social Security Administration must give substantial weight to a VA disability determination. The Fourth Circuit later clarified that the ALJ may afford less than substantial weight to another governmental agency's disability determination, but only if the ALJ provides "persuasive, specific, and valid reasons" for doing so. Woods v. Berryhill, 888 F.3d 686, 692 (4th Cir. 2018) (quoting McCartey v. Massanari, 298 F.3d 1072, 1076 (9th Cir. 2002)). Accordingly, "VA ratings must be afforded 'substantial weight' unless the ALJ can clearly explain why less weight is appropriate." Wright v. Saul, No. 3:20-CV-00201-DSC, 2021 WL 1124784 at *3 (W.D.N.C. Mar. 24, 2021) (citing Bird, 699 F.3d at 343); see also Rose v. Saul, No. 7:19-CV-91, 2020 WL 4740479, at *4 (E.D.N.C. Aug. 14, 2020) ("Two government agencies performing similar assessments reached polar opposite conclusions, leaving a glaring hole in the record and preventing judicial review.")

5

In January 2017, the Social Security Administration rescinded Social Security Ruling 06-03p, which stated, "evidence of a disability decision by another governmental agency or nongovernmental agency cannot be ignored and must be considered." This rescission was effective March 27, 2017. See 82 Fed. Reg. 5844; 80 Fed. Reg. 15132 (March 27, 2017). The new rules promulgated by the Social Security Administration explain that, for disability claims filed after March 27, 2017, the agency "will not provide any analysis in its determination or decision about a decision made by any other governmental agency about whether you are disabled, employable, or entitled to any benefits." 20 C.F.R. § 404.1504; see also id. § 404.1520b(c)(1) (similar).

Accordingly, the issue before the Court is whether Bird, Woods, and DeLoatche remain in force following the rescission of Ruling 06-03p and enactment of the new rules. In Rose, 2020 WL 4740479, the U.S. District Court for the Eastern District of North Carolina considered this exact issue and explained:

> The new rules did not supersede the Fourth Circuit's decision in Bird, and the ALJ committed reversible error by failing to afford substantial weight to Mr. Rose's 100% VA rating. The ALJ's assumption that the new Social Security Administration regulations supplanted Fourth Circuit case law rests on a fundamental misunderstanding of Bird and the cases that preceded it. Bird did not interpret a prior regulation, alterable by SSA. Rather, Bird followed a line of cases expounding on what is required from the ALJ to enable the Court to conduct its review.
>
> . . . .
>
> The Court's reading of Bird is buttressed by Woods v. Berryhill, where the Fourth Circuit explained that, in order to afford less than substantial weight to another governmental agency's disability determination, the ALJ must give 'persuasive, specific, valid reasons.' 888 F.3d 686, 692 (4th Cir. 2018). Without such an explanation, according to Woods, a court "cannot engage in a meaningful review." Moreover, Woods rejected the Commissioner's argument that the ALJ can escape discussing the other agency's disability decision by merely considering the evidence underlying that decision.

6

Rose, 2020 WL 4740479 at *2–3.  In Rose, Chief Judge Boyle concluded, "[t]wo government agencies performing similar assessments reached polar opposite conclusions, leaving a glaring hole in the record and preventing judicial review.  Bird remedies this problem, and SSA's new regulations did not overrule Bird.  By failing to address Mr. Rose's 100% VA disability rating, the ALJ erred."  Id. at *4.

Here, the ALJ's entire evaluation and explanation regarding Plaintiff's VA disability determination is as follows:

> The Department of Veterans Affairs has found the claimant unemployable due to migraine headaches, which are 50% disabling and myoclonic seizures, which are 40% disabling (Exhibit 1D). For claims filed on or after March 27, 2017, the undersigned is no longer required to provide any analysis of a decision made by any other governmental agency or a nongovernmental entity about whether the claimant is disabled, blind, employable, or entitled to any benefits. This is because those agencies and entities decisions use their own program rules, which differ from those used by the Agency. However, the undersigned has considered all of the supporting evidence underlying other agency or entity's decisions (20 CFR 404.1504).

(Doc. No. 8-1, p. 36).  Applying the legal principles set forth in Rose to the record here, the Court finds this matter must be remanded to the Commissioner.  The ALJ failed to make case specific findings concerning the VA decision or provide persuasive, specific, and valid reasons for discounting the VA decision.

## IV. CONCLUSION

The Court explicitly notes that in ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not take a position on the merits of Plaintiff's application for disability benefits nor does the Court express any opinion as to his first assignment of error.  The Court finds the ALJ's decision deficient for the reasons stated herein, and consequently, that decision as written cannot stand.  See, e.g., Newton v. Apfel, 209 F.3d 448, 455 (5th Cir. 2000) ("The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision[.]" (citations omitted)).

In declining to address the first assignment of error in dicta here,[3] the Court notes that remand provides the opportunity for the ALJ to modify any prior basis for the prior decision in the new decision issued upon remand. "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." Shalala v. Schaefer, 509 U.S. 292, 299 (1993) (quoting Sullivan v. Finkelstein, 496 U.S. 617, 624-25 (1990)).

IT IS THEREFORE ORDERED that Plaintiff's Motion for Summary Judgment, (Doc. No. 11), is GRANTED; the Commissioner's Motion for Summary Judgment, (Doc. No. 19), is DENIED; the Commissioner's decision is VACATED; and this case is REMANDED for further proceedings consistent with this Order.

IT IS SO ORDERED.

Signed: August 29, 2022

Frank D. Whitney
United States District Judge

---

[3] The Court recognizes the Fourth Circuit, on occasion, will address additional assignments of error notwithstanding an order to remand. See Patterson v. Comm'r of Soc. Sec. Admin., 846 F.3d 656, 663 (4th Cir. 2017) (noting that "[n]ormally, our opinion would end here, and we would not go beyond ordering the ALJ to apply the regulation that it failed to observe"; but then summarily directing the ALJ to provide a more detailed explanation as to other errors "in the interests of judicial efficiency . . . ."); Bird, 699 F.3d at 343 (citing Sharpe v. Dir., Office of Workers' Comp. Programs, 495 F.3d 125, 134 n.16 (4th Cir. 2007) (providing instructions for ALJ to follow on remand regarding issues not dispositive on appeal); Gordon v. Schweiker, 725 F.2d 231, 236 (4th Cir. 1984) ("Since the case must be reconsidered by the Secretary, we do provide some guidance as to a matter very likely to arise at the hearing which will occur.")).